### NORMAN KENDALL *v.* MILTON N. GREY.

In an action by a physician to recover for medical services, it is competent for him to prove the nature of the disease and the character of treatment given, in order to fix the value of the services rendered.

Such evidence is not rendered incompetent by the provisions of 2 Rev. Stat. 406,

§ 73, forbidding the disclosure of confidential communications made by a patient to his physician.

Those provisions only relate to communications or information acquired by a person, duly authorized to practice physic, while attending a patient in his professional capacity, and which were necessary to enable him to prescribe.

They do not extend to communications made to a person in attendance at the office of the physician in his absence, and which are not shown to have been made as the basis of a prescription.

APPEAL from a judgment of the Third District Court. The action was brought to recover for goods sold and delivered; the plaintiff's bill of particulars therefor amounting to $98.75. The answer denied the allegations of the complaint, alleged payment of the plaintiff's claim, and averred that plaintiff was indebted to defendant for medicines sold, and for medical services rendered, and demanded judgment for a balance claimed. The bill of particulars of defendant's claim amounted to $58.50.

On the trial, after the plaintiff had proved the sale and delivery alleged, a witness named Page was called for the defendant, who testified that he was connected with Dr. Grey, (the defendant), in his office. Was not his partner, but had the privilege of his office in consideration of answering for him when he was absent. Had no interest in his fees or business. He knew of plaintiff coming to Dr. Grey's office for medical treatment. Heard him say he came for an operation. The plaintiff's counsel objected to the witness being allowed to state anything which would tend to disclose the nature of plaintiff's disease, because the communication by him to the witness was of a confidential character, made to him as a physician, and as connected with defendant in his office. The justice sustained the objection, and excluded every question tending to show the nature of the disease for which the plaintiff was treated.

On the part of defendant, it was further made to appear that the plaintiff had formerly rendered a bill for that which he now claimed to recover, charging only $26.75. See *Williams* v. *Glenny*, 16 N. Y. R. 389.

The justice rendered judgment in favor of plaintiff for $20.25. The defendant appealed.

*F. Upton Fenno*, for the appellant.

*W. C. Carpenter*, for the respondent.

By the Court, DALY, First Judge.—This judgment must be reversed. The bill rendered to the defendant, by the plaintiff, was given in evidence, and the plaintiff admitted that it was the only bill he had rendered. This bill showed that the amount of the plaintiff's claim, as fixed by himself, was but $26.75, though he claimed, by his bill of particulars, for the same items, $98.75. By the ruling of the justice, which was altogether erroneous, the defendant was cut off from showing the nature of the disease for which he had treated the plaintiff, a knowledge of which was essential to estimate properly the full value of the service which the defendant had rendered. Communications made to a physician while attending in a professional capacity, do not, by the general rules of evidence, come within the class of privileged communications, (*Dutchess of Kingston's case*, 11 Har. 243; 1 Greenl. § 248); and our statute, (2 R. S. 406, § 73), being in derogation of the general rule of law, cannot be extended beyond its express term. It applies only to cases of communications and information, acquired by a person duly authorized to practice physic, while attending a patient in his professional capacity, and which communications or information were necessary to enable him to prescribe for the patient. The witness Page stood in no such relation to the plaintiff, nor was it shown or offered to be shown that the statement made by the plaintiff to Page was for the purpose of enabling Page to prescribe for him, or was stated to Page to enable Grey to prescribe for him. Even the plaintiff, who having offered himself as a witness, and who could claim no such exemption, as the inquiry related directly to the matter in issue, was exempted by the ruling of the court from stating anything respecting the nature of the disease, while he testified that he had paid Dr. Grey $4, and supposed that that was all that he charged. Without inquiring as to the nature of the proof of the value of the picture, or whether there was any evidence

. of its delivery to the defendant after it was repaired, as it was of little or no value before, it is sufficient for the reversal of the judgment that the defendant was precluded from showing the nature of the disease for which he had treated the plaintiff, and had performed an operation upon him, and which may have been very material to enable the defendant to show the true value of his services. The defendant's bill was $58.50, and, allowing the defendant $50 for the picture, which is all he claimed in his bill of particulars, and taking the other items at the amount fixed by himself in the bill he rendered to the defendant, his claim would amount to $76.75 at its utmost limit, from which is to be deducted $6.50, paid by Grey, reducing it to $70.25. Now, Grey's bill, $58.50, deducted from this, would leave the balance in favor of the plaintiff $11.75, and he had judgment for $20.25. It is . plain, therefore, that the justice did not allow Grey the full amount of his claim, and as he would not allow him to give evidence which, upon the mere inspection of Grey's bill, it is evident was essential to prove the nature of the service he rendered and the value of it, the judgment cannot be sustained.

Judgment reversed.